UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-P303-H

CHRISTOPHER D. MONTGOMERY                                              PLAINTIFF

v.

SGT. RICKY ROUTT *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher D. Montgomery filed this *pro se* civil rights action under 42 U.S.C. § 1983. He is proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims except for his individual-capacity claim against Jailer Danny Allen for damages for the alleged denial of his right to exercise his religion.

### I.

In the complaint, filed on May 11, 2011,[1] Plaintiff states that he was a pre-trial detainee at the Hardin County Jail. He sues Sgt. Ricky Routt and Jailer Danny Allen in their individual and official capacities, the Hardin County Jail, and Southern Health Partners. Plaintiff states that on May 3, 2011, Routt "made a threat towards me that if I didn't go and sit on my da** rack that he would come in my cell and that he would beat my a** and put me on my rack." He further states that Allen violated his "right to Religion such as Church Bible study, having a bible. This has been going on since I've been in Hardin County Jail." Plaintiff also states that Southern

---

[1]Under the "prison mailbox rule," "a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the original complaint was delivered to the prisoner mail system for mailing on May 11, 2011.

Health Partners denied his right to receive "Proper Health treatment and access to a Hospital. This has been going on since April 8, 2011 till now." Plaintiff states that the Hardin County Jail violated his "right to send and receive mail and my right to access the law library also my right to go out to rec this has been going on since I've been here in Hardin County Jail and have not filed my request or complaints." Finally, Plaintiff states that the Hardin County Jail violated his "right to communitcate with the outside such as my soon to be wife my mom . . . [and] my Right to receive Rec, such as outside, t.v. Telephone."

As relief, Plaintiff seeks $6.5 million in money damages, $2.5 million in punitive damages, injunctive relief in the form of release from the Hardin County Detention Center and dismissal of the charges, and replacement of his 2007 Toyota Tundra.

## II.

When a prisoner initiates a civil action against a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

**III.**

**A.     Official-capacity claims against Routt and Allen**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Routt and Allen, therefore, are actually claims against their employer, Hardin County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that either Routt or Allen acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege isolated occurrences affecting only him, *i.e.*, that Routt threatened him and that Allen would not allow him to attend church, Bible study, or have a Bible. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Routt's or Allen's actions occurred as a result of a policy or custom implemented or endorsed by Hardin County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Accordingly, the

5

official-capacity claims against Routt and Allen will be dismissed for failure to state a claim upon which relief may be granted.

**B.      Hardin County Jail**

The Hardin County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  In this situation, it is Hardin County that is the proper defendant.  *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Further, Hardin County is a "person" for purposes of § 1983.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  The Court therefore construes the claim against the Hardin County Jail as brought against Hardin County.  Plaintiff's claim against Hardin County fails for the reasons discussed above.  Therefore, Plaintiff's claim against the Hardin County Jail will dismissed for failure to state a claim upon which relief.

**C.      Individual-capacity claims against Routt**

Plaintiff claims that Routt "threaten[ed]" that if Plaintiff did not sit down on his rack that Routt would "beat my a** and put me on my rack."  Although reprehensible and not condoned, verbal abuse, harassment, and threats are insufficient to state a constitutional violation under § 1983.  *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (finding guard's threat of sexual assault did not violate plaintiff's

6

constitutional rights); *Clark v. Turner*, No. 96-3265, 1996 U.S. App. LEXIS 33113, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."). Therefore, Plaintiff's individual-capacity claim against Routt based on alleged verbal threats will be dismissed for failure to state a claim upon which relief may be granted.

**D.      Individual-capacity claim against Allen**

Plaintiff claims that Allen denied his "right to religion such as Church Bible Study, having a bible." Upon review, the Court will allow this claim to proceed. In doing so, the Court does not pass judgment on the ultimate merit of this claim.

**E.      Southern Health Partners**

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[2] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In order for a claim to rise to the level of an Eighth Amendment/Fourteenth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837-38. Therefore, to prove a prison official is liable under the Eighth Amendment for denial of medical

---

[2]The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Plaintiff states that he is a pretrial detainee. For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Therefore, the Court will review Plaintiff's claims to determine whether he has properly alleged violations of the Fourteenth Amendment.

7

treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'" *Id*. (quoting *Farmer*, 511 U.S. at 834). "The prison official's state of mind must evince 'deliberateness tantamount to intent to punish.'" *Id*. (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). "'Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.'" *Id*. (quoting *Horn*, 22 F.3d at 660).

Plaintiff fails to state in his complaint what his medical condition was or why he sought treatment. Therefore, he fails to meet the standard for pleading an Eighth Amendment/ Fourteenth Amendment claim. While a court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), it cannot create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d at 1169. Therefore, Plaintiff's claim against Southern Health Partners for denial of medical treatment will be dismissed for failure to state a claim upon which relief may be granted.

**F.     Relief**

In his prayer for relief, Plaintiff seeks release from the Hardin County Detention Center and dismissal of charges. Release from custody and dismissal of charges are not available forms of relief under § 1983. When a state prisoner "seeks . . . a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff's claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be

8

granted. Moreover, Plaintiff seeks replacement of his Toyota Tundra. Plaintiff fails to state any grounds in his complaint for seeking this form of relief, and the Court cannot discern any. As such, that claim for relief will also be dismissed.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims against Routt and Allen are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claim against Routt and his claims against the Hardin County Jail and Southern Health Partners are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1) for failure to state a claim upon which relief may be granted. Because no claims remain against Routt, Hardin County Jail, and Southern Health Partners, the Clerk of Court is **DIRECTED** to **terminate** them from the action.

**IT IS FURTHER ORDERED** that Plaintiff's claim for injunctive relief and claim for replacement of his Toyota Tundra are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claim for denial of his right to exercise his religion will be allowed to proceed against Defendant Allen in his individual capacity for damages. The Court will enter a separate Scheduling Order governing the development of the remaining claim.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
4412.010